*E-Filed: April 28, 2015*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HEDWIG ROSE BUCK,<br><br>        Plaintiff,<br>   v.<br><br>MONICA JOHNSON; et al.,<br><br>        Defendants. | No. C14-01965 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION**<br><br>**[Re: Docket No. 24]** |

In March 2014, Hedwig Rose Buck filed suit against Monica Johnson, EAN Holdings, LLC, Enterprise Rent-A-Car Company of San Francisco, LLC,[1] and Ford Motor Company for motor vehicle negligence, general negligence, and products liability. Plaintiff moves for default judgment against Johnson. Dkt. No. 24. Because not all parties have consented to the undersigned's jurisdiction, the undersigned orders that the case be REASSIGNED to a district judge. For the reasons stated below, the undersigned recommends that the motion be GRANTED.

## BACKGROUND

On October 28, 2013, Johnson was sitting in the driver's seat of a rental car while it was stopped in front of a residence located at 1251 Weibel Way, San Jose. Pl. Exh. 5. Johnson then backed the car into the driveway of the residence, hitting Decedent Cassandra Buck. *Id.* Decedent was crushed between the car and the garage door. *Id.* She suffered major internal and external

---

[1] Enterprise Rent-A-Car Company of San Francisco, LLC was erroneously sued as "Enterprise Rent-A-Car."

injuries to her head, torso, and legs, which resulted in her death. *Id.* Johnson had a Blood Alcohol Content of 0.229%. *Id.*

In March 2014, Plaintiff Hedwig Rose Buck, Decedent's mother, brought suit against Monica Johnson, EAN Holdings, LLC, Enterprise Rent-A-Car Company of San Francisco, LLC, and Ford Motor Company in the Superior Court of California, County of Santa Clara. The Complaint alleges motor vehicle negligence and general negligence against Johnson. The action was subsequently removed. EAN Holdings, Enterprise Rent-A-Car Company of San Francisco, and Ford Motor Company have been voluntarily dismissed.

Johnson was served on June 3, 2014. Pl. Exh. 3. Johnson did not file an answer. Plaintiff filed a request for entry of default against Johnson on July 3, 2014. Dkt. No. 15. Default was entered against Johnson on July 10, 2014. Dkt. No. 16. Plaintiff now moves for default judgment against Johnson. Dkt. No. 24. Plaintiff seeks $5,007,948.[2]

## LEGAL STANDARD

Generally, a party is in "default" if the party has failed to plead or "otherwise defend" in a timely fashion to a pleading seeking affirmative relief against the party. Fed. R. Civ. P. 55(a).

After entry of default by the Clerk, courts are authorized to grant default judgment in their discretion. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A court may consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

///

---

[2] Plaintiff seeks $5,007,848 in her application for default judgment. However, Plaintiff made a mathematical error when totaling the amount of damages sought for funeral and burial expenses, which resulted in the amount sought being $100 less than it should be. *See* n.3, *infra*.

**DISCUSSION**

**A. Entry of Default Judgment**

The *Eitel* factors favor entry of default judgment here. First, Plaintiff's claims have merit, and are sufficiently pled. The elements of negligence are: "(a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. Cnty. of San Mateo*, 12 Cal. 4th 913, 917 (1996) (internal quotation marks and alterations omitted). The elements of motor vehicle negligence are: (1) a duty to use care when operating a motor vehicle; (2) the breach or violation of the legal duty to use reasonable care when driving resulting in an automobile accident; (3) proximately causing injury to another; and (4) damages resulting from the automobile accident including medical expenses, pain, and suffering. *See* Am. Jur. 2d, Negligence § 5. Plaintiff alleges that Johnson reversed a motor vehicle at high speed, hitting and killing Decedent. Compl. at 4-5. The court finds that Plaintiff has adequately pled both causes of action. Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Second, there can be no dispute over material facts because all liability-related factual allegations are taken as true. Third, Plaintiff would be prejudiced if default is not entered because Johnson has refused to participate in this action since it was filed, and Plaintiff has no other avenue for relief against Johnson. Fourth, there is no evidence that Johnson's failure to appear and defend herself is due to excusable neglect. Fifth, while the Federal Rules of Civil Procedure favor judgments on the merits, Johnson's refusal to participate in this litigation renders such a decision impossible. Sixth, Plaintiff requests $5,007,948. Although this is a substantial sum of money, the Statement of Damages, which was served on Johnson along with the Complaint, put Johnson on notice that a substantial amount of money was at issue in this action. Pl. Exh. 3 (certificate of service); Pl. Exh. 7 (stating damages in the amount of $10,000 for costs related to funeral and burial expenses, medical expenses, and other direct pecuniary loss; $500,000 for loss of financial support and gifts or benefits expected to be received from Decedent; and $5,000,000 for loss of consortium).

1   Accordingly, all of the *Eitel* factors weighing in favor of Plaintiff's application, the Court
2   recommends that Plaintiff's motion be granted.

### B. Relief Requested

Plaintiff seeks $5,000,000 for loss of consortium; $1,848[3] for costs related to funeral and burial expenses; and $6,100 for lost financial support and gifts. The Court will address each of these in turn.

#### 1. Loss of Consortium

Plaintiff testifies that she and Decedent "had a special relationship that was forged from the hard times our family endured and strengthened by the love that we had for one another." Buck Suppl. Decl. ¶ 4. Plaintiff had sole custody of Decedent from the time she was five years old to when she was eighteen. *Id.* At that time, Decedent moved to Florida, but returned home a year later and lived with Plaintiff for a year. *Id.* ¶ 5. Decedent subsequently moved to California. *Id.* However, from 2008 to 2012, she worked at the North Rim of the Grand Canyon from April to October, and Plaintiff would visit her frequently. *Id.* Plaintiff and Decedent saw one another about three times a year from the time she was twenty to when she passed away. *Id.* They would speak on the telephone at least once a week. *Id.* ¶ 6.

Plaintiff was 53 years old at the time of her daughter's death, and estimates that she had a life expectancy at that time of 30.5 years. Pl. Exh. 1 (Life Expectancy Table from the National Center for Health Statistics). Plaintiff seeks $5,000,000 for the loss of 30.5 years of love, companionship, comfort, services, care, assistance, protection, affection, society, moral support, solace, advice, training, and guidance from Decedent.

Plaintiff has submitted sufficient evidence to support an award of $5,000,000 in damages for loss of consortium.

#### 2. Funeral and Burial Expenses

Plaintiff submits that she has suffered a loss of approximately $1,848 for costs related to funeral and burial expenses. This includes $1,148 for the cost of cremation, approximately $400 for

---

[3] In her original declaration, Plaintiff seeks $1,748 for costs related to funeral and burial expenses. Buck Decl. ¶ 5. Plaintiff states that this includes $1,148 for the cost of cremation, $400 for the cost of the plane flight, and $300 for the cost of the hotel stay. *Id.* This in fact totals $1,848.

4

the cost of a plane flight to San Jose, and approximately $300 for a hotel stay in San Jose while attending the funeral service.

Plaintiff submits a cashier's check used to pay for Decedent's cremation, in the amount of $1,148. Pl. Exh. 2. An award of $700 is reasonable for the cost of the plane flight and hotel stay. Plaintiff has submitted sufficient evidence to support an award of $1,848 for costs related to funeral and burial expenses.

### 3. Lost Financial Support and Gifts

Plaintiff submits that she has lost approximately $6,100 in financial support and gifts expected to be received from Decedent. Plaintiff expected to receive $200 annually in gifts from Decedent for her birthday, Christmas, Mother's Day, and other occasions. Based on Plaintiff's life expectancy of 30.5 years at the time of Decedent's death, this amounts to $6,100.

This estimate of expected financial support and gifts is based on an approximation of the gifts Plaintiffs received from Decedent over the last seven or eight years of her life. Buck Suppl. Decl. ¶ 10. During that period, Decedent would give Plaintiff gifts for her birthday, Christmas, Mother's Day, and other occasions, which would cost an average of $200 per year. *Id.* Plaintiff has submitted sufficient evidence to support an award of $6,100 for lost financial support and gifts.

## CONCLUSION

Based on the foregoing, the court ORDERS that this case be reassigned to a district judge.

The undersigned RECOMMENDS that Plaintiff's motion be granted. The undersigned further RECOMMENDS that damages be awarded in the amount of $5,000,000 for loss of consortium**,** $1,848 for costs related to funeral and burial expenses, and $6,100 for loss of financial support and gifts. This totals $5,007,948.

Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

**IT IS SO ORDERED.**

Dated: April 28, 2015

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

1 **C14-01965 HRL** Notice will be electronically mailed to:

2 Ryan Michael Kroll    rkroll@ssjlaw.com

3 Stephen Allen Jamieson    SJAMIESON@SSJLAW.COM

4 **Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**